DIRKES *v.* LENZEN.

1. TRIAL—CONFLICTING TESTIMONY PRESENTS QUESTION FOR JURY.
    Where, on all the matters in issue the testimony was conflicting, the trial court properly refused to direct a verdict.

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION.
    Although an instruction that defendant admitted all of plaintiff's claim except $137, and that plaintiff was entitled to a verdict on his side for not less than $417, followed by an instruction that if plaintiff had not maintained the burden of proof he was not entitled to anything on his claim, was erroneous, it was not prejudicial to plaintiff, where the amount defendant admitted owing plaintiff was only $137, and the jury allowed him $325.26.

3. JUDGMENT—ENTRY OF PROPER JUDGMENT.
    Where, on plaintiff's claim and defendant's counterclaim the jury assessed the plaintiff's damages at $325.26, and

[1]Trial, 38 Cyc. p. 1568; [2]Appeal and Error, 4 C. J. § 3027; Trial, 38 Cyc. p. 1814; [3]Appeal and Error, 4 C. J. § 3157.

the defendant's at $500, the judgment should have been for defendant for the difference, rather than for the full amount of $500, and the case is remanded for entry of proper judgment.

Error to Wayne; Moynihan (Joseph A.), J. Submitted April 5, 1927. (Docket No. 7.) Decided June 6, 1927.

Assumpsit in justice's court by Matthias J. Dirkes against Joseph C. Lenzen for extras under a building contract. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Remanded for entry of proper judgment.

*Myron J. Dikeman,* for appellant.

*John C. Winter,* for appellee.

McDONALD, J. The plaintiff began suit in justice's court for the city of Detroit to recover the sum of $499.14, claimed to be due for extras growing out of the construction of a house and garage for the defendant. The defendant pleaded set-off and recoupment, claiming damages of $500 due to defective material and poor workmanship. The defendant had a verdict for $300. The plaintiff appealed to the circuit court. There the jury returned the following verdict:

"In this cause, the jury heretofore impaneled, being again in court, sit together and hear argument of counsel, the charge of the court, retire from the bar thereof under charge of officers duly sworn for that purpose, to deliberate of their verdict to be given, and after being absent for a time return again into court and say upon their oath that the defendant did undertake and promise in manner and form as the plaintiff hath in his declaration in this cause complained against him, and assess the plaintiff's damages on occasion of the premises at the sum of three hundred and twenty-five

and twenty-six one hundred ($325.26) dollars, and further say upon their oath that the said plaintiff did undertake and promise in manner and form as the defendant has in his claim of set-off and recoupment alleged, and assess the defendant's damages on occasion of the premises at the sum of five hundred ($500) dollars."

The court entered judgment on this verdict for the defendant in the full amount of $500.    The plaintiff has brought error.

The errors assigned relate to the refusal of the court to direct a verdict for the plaintiff, to the refusal to enter judgment *non obstante veredicto,* to the charge of the court as given, and to the entry of judgment on the verdict in the full amount of $500.

The assignment concerning the refusal of the court to direct a verdict does not merit discussion.    The request seems to have been made on the theory that it is the duty of the court to direct the jury's verdict for the party in whose favor is the great weight of the evidence.    On all the matters in issue, the testimony was conflicting.    The court would not have been justified in directing the verdict of the jury.

Complaint is made of the following portions of the judge's charge to the jury:

"I further charge you that the plaintiff presents a claim totaling $554.44, and the claim is admitted by the defendant except certain items totaling $137, therefore the verdict on his side must not be less than the difference, $417, but in no case for more than $499.14.
*    *    *

"Then, on the other hand, if you find that the plaintiff has not made out his case against the defendant by a preponderance of evidence and has not sustained the burden of proof,    *    *    *    then of course you would not come to the question of considering damages, because your labors would end right at that point and your verdict would be no cause of action with reference to the plaintiff's claim against the defendant."

The objection to these instructions is that in the first

paragraph the court tells the jury that as the defendant had admitted all of the plaintiff's claim except $137, "the verdict on his side must not be less than the difference, $417;" and in the paragraph following, he tells them that the verdict on the plaintiff's claim may be no cause of action.

If the court was right as to the defendant's admission that he owed $417 on the plaintiff's claim, he was wrong thereafter in telling the jury that, if the plaintiff had not maintained the burden of proof, he was not entitled to anything on his claim. But the court was in error in stating that the defendant admitted $417. As we read the record, the defendant admitted the correctness of the plaintiff's claim only to the extent of $137. This being true, the plaintiff was entitled, in any event, to an allowance of $137 on his claim. But, though the instruction was erroneous, it was not prejudicial to the plaintiff because the jury allowed him $325.26 on his claim.

The questions discussed by counsel for the plaintiff in his brief are largely questions of fact which were settled by the verdict of the jury. The claims of the parties were conflicting and there was testimony to support all of their contentions. Nothing appears in the record that would justify us in disturbing the verdict. We think, however, that the court erred in entering judgment for the defendant in the full amount of $500. The form of the verdict shows that the jury considered the claims separately. They assessed the plaintiff's damages at $325.26, and the defendant's at $500. The judgment should have been for the difference, which is $174.74.

The cause will be remanded and the circuit judge directed to enter judgment in accordance with this opinion. The plaintiff will have costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.