WARNER v. SULLIVAN.

1. RECOUPMENT—CREATURE OF COMMON LAW.

Recoupment is a creature of common law, and presents to the court an equitable reason why the amount payable to plaintiff should be reduced.

2. SAME—SURVIVES AS LONG AS CLAIM EXISTS.

The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations.

3. SAME—LIMITATION OF ACTIONS.

In action on three notes given as part of purchase price of fishing outfit, where statute of limitations is pleaded and recoupment claimed, plaintiff may not recover on two notes not barred by statute and insist that defendant's right to recoup is barred, since said right arises out of same contract as plaintiff's right of action, and therefore survives.

4. SAME—EXCESS OVER PLAINTIFF'S CLAIM NOT RECOVERABLE WHERE RECOUPMENT BARRED BY STATUTE.

In said action plaintiff may not recover on one note which is barred by statute, neither may defendant assert his claim for recoupment to amount of it, but, after plaintiff has made proof of amount due on other two notes, defendant may make proof of damages by way of recoupment, and amount due on first note should be deducted therefrom and balance then applied on amount found due plaintiff and, should it exceed such amount, defendant may not recover therefor as his right to assert such claim is barred by statute; 3 Comp. Laws 1915, § 12477, permitting recovery by defendant by way of recoupment in excess of amount due plaintiff not being applicable where claim is barred by statute.

Error to Emmet; Barton (Joseph), J., presiding. Submitted October 15, 1929. (Docket No. 86, Calendar No. 34,380.) Decided March 6, 1930.

As to availability of claim barred by limitation as subject to defense of recoupment, see annotation in 16 A. L. R. 339.

Assumpsit by William L. Warner against Henry Sullivan on three promissory notes. From a judgment for plaintiff, defendant brings error. Reversed and new trial granted.

*Pailthorp & Pailthorp,* for appellant.

Sharpe, J. This action was brought by plaintiff on January 5, 1928, to recover on three promissory notes, drawn payable to him and signed by the defendant. They all bore date August 28, 1920. One was for $750, payable September 1, 1921, another for $740, payable September 1, 1922, and the third for $700, payable September 1, 1923. When the note due September 1, 1921, was offered in evidence, objection was made, on the ground that it was barred by the statute of limitations. Notice of this defense had been duly given. The notes were received in evidence, and plaintiff then rested. Defendant then submitted proof that the notes were given as a consideration for a fishing outfit, bought by defendant from plaintiff, the purchase price of which was $4,200, and sought to prove that the nets were not as represented; that certain parts of the outfit were not delivered to him, and that the plaintiff owned but a one-half interest in a gas boat which was included in the sale, and sought to recoup his damages by reason thereof as against plaintiff's claim.

The trial was interrupted, and discussion had as to whether defendant's claims in this respect were not also barred by the statute of limitations. After argument of counsel, the trial court so held, and directed the jury to find a verdict for the amount of the other two notes, amounting, with interest, to the sum of $2,081. A judgment was entered there-

for, of which defendant seeks review by writ of error.

Recoupment is a creature of the common law. It presents to the court an equitable reason why the amount payable to the plaintiff should be reduced, and the plaintiff will not be permitted to insist upon the statute of limitations as a bar to such a defense when he is seeking to enforce payment of that which is due him under the contract out of which the defendant's claim for recoupment arises.

This is the first time we have been called upon to pass upon this question, but it has been many times decided by other courts. In 37 C. J. pp. 804, 805, the rule is thus stated:

"The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations."

Many cases are cited in the note thereto in support thereof. The authorities are reviewed at length in a note to *Huggins* v. *Smith,* 141 Ark. 87 (216 S. W. 1), in 16 A. L. R. 339 *et seq.* The annotator says:

"The defense of recoupment exists as long as the plaintiff's cause of action exists and may be asserted, though the claim as an independent cause of action is barred by limitations."

The cases cited and quoted from fully sustain this statement.

The note due plaintiff on September 1, 1921, and defendant's right to recoup damages arising out of the contract were both barred by the statute of limitations at the time this action was begun. Plaintiff

may not recover on this note. Neither may defendant assert his claim for recoupment to the amount of it.

On the record presented, after plaintiff has made proof of the amount due upon the other two notes, defendant may make proof of his damages by way of recoupment. The amount due upon the first note must then be deducted therefrom. The balance thereof, as found by the court or jury, will then be applied upon the amount due plaintiff. Should it equal such amount, plaintiff can have no recovery. Should it exceed such amount, defendant may not recover therefor, as his right to assert such claim is barred by the statute. He may have consideration of it only in satisfaction or diminution of the amount due plaintiff.

The statute (3 Comp. Laws 1915, § 12477), permitting a recovery by defendant by way of recoupment in excess of the amount due plaintiff, is not applicable, as defendant's right to recoup is barred and his claim therefor considered only to the extent to which it reduces or equals the amount for which plaintiff is entitled to recover.

The judgment is reversed, with costs to defendant, and a new trial ordered.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, FEAD, and NORTH, JJ., concurred.