MINORITY EARTH MOVERS, INC v WALTER TOEBE
CONSTRUCTION COMPANY

Docket No. 225319. Submitted January 9, 2002, at Detroit. Decided April
30, 2002, at 9:00 A.M.

Minority Earth Movers, Inc., brought an action in the Wayne Circuit
Court against Walter Toebe Construction Company, seeking dam-
ages on allegations of breach of contract, quantum meruit, and
promissory estoppel concerning the plaintiff's contractual services
as a subcontractor on a construction project in which the defen-
dant was general contractor. The defendant counterclaimed dam-
ages for breach of contract. The plaintiff's claim and the defen-
dant's counterclaim were submitted to a mediation panel, which
awarded $135,000 to the plaintiff and $100,000 to the defendant.
Both parties accepted the mediation awards. At the plaintiff's
request and over the defendant's objection, the court, John H.
Gillis, Jr., J., entered a $135,000 judgment for the plaintiff and a
$100,000 judgment for the defendant, instead of entering a single
$35,000 judgment for the plaintiff, to enable the plaintiff's attorney
to collect a contingent fee of forty percent of $135,000, not forty
percent of $35,000. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. MCR 2.403(K)(2) requires that a separate mediation award,
now known as a case evaluation award, be made "as to the plain-
tiff's claim against each defendant and as to each cross-claim,
counterclaim, or third-party claim that has been filed in the action,"
and MCR 2.403(L)(1) requires that parties "must accept or reject
the evaluation in its entirety as to a particular opposing party."
Thus, in this case, separate awards were required for the plaintiff's
claim and the defendant's counterclaim, and the parties had to
either accept or reject the awards for the claim and counterclaim
as a whole.

2. The trial court erred in entering two separate judgments, and
the case must be remanded for entry of a single judgment for the
plaintiff in the amount of $35,000, the net difference between the
mediation awards. Because mediation awards on a claim and coun-
terclaim are to be treated as a whole for purposes of acceptance or
rejection, it necessarily follows that the awards be treated as a

whole when calculating and entering the judgment. The plaintiff's argument that a net judgment of $35,000 would impair its counsel's right to a contingent fee based on $135,000 is without merit. The plaintiff's counsel won $35,000, not $135,000, for the plaintiff. The purpose of the mediation rule is to expedite and simplify the final settlement of cases. The entry of two judgments in this matter has significantly complicated the settlement of this case in light of the plaintiff's uncollectability, which was known to the defendant since after mediation. Had a single net judgment been entered, the defendant would have tendered a check for the net amount, and the matter would have been concluded.

Reversed and remanded.

PRETRIAL PROCEDURE — MEDIATION — AWARDS ON CLAIMS AND COUNTERCLAIMS — JUDGMENTS.

Mediation awards on a claim and a counterclaim in a single action must be accepted or rejected as a whole by the parties; where both awards are accepted by the parties, a single judgment for the net difference between the awards will be entered in favor of the party who received the greater award (MCR 2.403[K][2], [L][1]).

*Garratt & Bachand, P.C.* (by *Donald R. Bachand, III*), for the plaintiff.

*Dickinson Wright PLLC* (by *James A. Samborn, Michael C. Hammer,* and *Joseph P. Tocco*), for the defendant.

Before: HOOD, P.J., and MURPHY and MARKEY, JJ.

MARKEY, J. Defendant appeals by delayed leave granted, arguing that the trial court erred as a matter of law in entering two separate judgments, each for the full amount of separate mediation evaluations, in accordance with the parties' acceptance of the mediation evaluations. We reverse and remand.

I. FACTS AND PROCEDURAL HISTORY

The parties entered into a written contract after defendant, a general contractor, hired plaintiff, a sub-

contractor, to perform certain services in connection with a road and bridge project in Redford Township. Thereafter, plaintiff filed a lawsuit against defendant, claiming that defendant caused delays in the project and, further, that defendant asked plaintiff to perform additional work that was outside the scope of the contract. Plaintiff alleged that defendant agreed to pay for the additional work but failed to do so. Plaintiff alleged three counts: breach of contract, quantum meruit, and promissory estoppel. Defendant answered the complaint and filed a countercomplaint, alleging that plaintiff breached the contract by failing to timely perform, by failing to meet standards and specifications, and by eventually abandoning the project. The complaint and counterclaim were mediated.[1] The mediation panel evaluated plaintiff's claim against defendant for $135,000, and defendant's counterclaim against plaintiff for $100,000. Both parties accepted the mediation awards.

At a hearing on the issue of entry of judgment, plaintiff requested that two separate judgments be entered on the separate mediation awards: one in favor of plaintiff for $135,000 and one in favor of defendant for $100,000. Defendant objected to the entry of two orders, arguing that plaintiff was only entitled to a judgment for the difference between the two awards, i.e., a single judgment in the amount of $35,000. Defendant argued that if the case had been tried before a jury, one net judgment would have been entered. Further, defendant asserted, and plain-

---

[1] MCR 2.403 has been amended and is no longer called the mediation rule. The former process of mediation is now referred to as "case evaluation." Because mediation in this case preceded the amendment, the former terminology used in MCR 2.403 will be used in this opinion.

tiff agreed, that plaintiff was uncollectible and had no intention or ability to pay the $100,000 judgment against it. However, plaintiff argued that separate judgments were proper because plaintiff's attorney's contingent fee was based on the $135,000 judgment and was greater than a net judgment of $35,000. Plaintiff argued, and the trial court agreed, that under *Mahesh v Mills*, 237 Mich App 359; 602 NW2d 618 (1999), the attorney lien took priority over defendant's judgment and therefore could not be defeated. As a result, the trial court entered two separate judgments.

Defendant moved for reconsideration or relief from judgment, arguing again that plaintiff was only entitled to a judgment on the difference between the mediation awards, which was $35,000. Defendant informed the court that it had tried to tender that amount before the judgments were entered but that plaintiff refused to accept because its attorney could not collect its full contingent fee set at forty percent of the recovery if defendant did not tender the entire amount to plaintiff. The trial court denied the motion for reconsideration. At the hearing, defendant agreed that if the parties were simply exchanging checks, there would be no practical difference. However, plaintiff had no intention of paying any money on the judgment owed to defendant. Thus, defendant was being forced to pay $135,000 without receiving any benefit from the mediation evaluation it accepted in its own favor. The trial court ordered plaintiff to issue a $100,000 check to defendant and defendant to issue a $135,000 check to plaintiff. Plaintiff's counsel indicated that this was basically an order for plaintiff to write a bad check because it did not have $100,000.

Despite the trial court's concern that defendant would not receive any money, it denied the motion for reconsideration.

Defendant filed a claim of appeal that this Court dismissed in Docket No. 223493 for lack of jurisdiction because the appeal was from a judgment entered after acceptance of mediation. This Court then granted defendant's delayed application for leave to appeal.

## II. ANALYSIS

Defendant argues that the trial court erred in entering two judgments based on the respective mediation awards instead of one judgment for the net difference between the respective mediation awards.[2] We agree. This issue presents one of law that this Court reviews de novo. *Kuebler v Equitable Life Assurance Society of the United States*, 219 Mich App 1, 5; 555 NW2d 496 (1996).

MCR 2.403(K)(2) requires that a separate award be made "as to the plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action." Thus, the attorneys who mediated this case were required to and did separately evaluate the plaintiff's

---

[2] We reject plaintiff's argument that the issue is waived because it involves the acceptance of a mediation award. Defendant's appeal by right was dismissed for lack of jurisdiction. Generally, a party who accepts a mediation decision has no right to appeal the judgment. *CAM Constr v Lake Edgewood Condominium Ass'n*, 465 Mich 549; 640 NW2d 256 (2002). The argument presented to this Court by delayed leave granted is a legal argument pertaining to the manner in which the trial court entered judgment after mediation was accepted by both parties. The present issue is distinguishable from that raised in *CAM Constr*, and we conclude that the issue is properly before this Court.

claim and the defendant's counterclaim. Plaintiff's argument that defendant invited error by requesting a separate award on the claim and the counterclaim ignores the fact that separate awards were mandated by MCR 2.403. Further, MCR 2.403(L)(1) requires that the parties must "either accept or reject the evaluation in its entirety *as to a particular opposing party.*"[3] (Emphasis added.) Thus, plaintiff and defendant had no choice but to either simultaneously accept or reject both of the mediation awards.

In *Henderson v Sprout Bros, Inc*, 176 Mich App 661; 440 NW2d 629 (1989), this Court ruled that a party must accept or reject mediation awards for a claim and counterclaim as a whole. In *Henderson*, the plaintiff's claim and defendant Bidwell's counterclaim were mediated at the same time. The mediation panel evaluated the plaintiff's claim at $13,700 and the counterclaim at $17,000. *Id.* at 665. Bidwell did not respond to the mediation evaluation, which at the time constituted an acceptance. *Id.* The plaintiff responded by accepting the award on its own claim but rejecting the award on the counterclaim. *Id.* At the time, MCR 2.403(L)(1) did not specify how parties could respond in situations where separate awards were given for a claim and counterclaim. *Id.* at 667. Bidwell argued that the plaintiff's partial acceptance and partial rejection was deemed an acceptance under MCR 2.403(L)(1). *Id.* at 665. The trial court agreed and entered judgment in favor of Bidwell in

---

[3] Before 1998, MCR 2.403(L)(1) did not include a provision that "[e]ven if there are separate awards on multiple claims, the party must either accept or reject the evaluation in its entirety as to a particular opposing party." In 1998, that provision was added to the rules and was part of the rules at the time this case was mediated.

the amount of $3,300, which was the difference between the evaluation for the plaintiff and that for Bidwell. *Id.* at 665. This Court agreed with the trial court, finding that one party may not accept only part of a mediation evaluation for or against another party, while rejecting the rest of the evaluation with regard to that party. *Id.* at 667-668. Thus, this Court indicated that mediation awards between two parties for claims and counterclaims must be treated as a whole for purposes of acceptance and rejection. See, also, *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 288-292; 480 NW2d 343 (1991), where this Court acknowledged that a bifurcated response to a mediation evaluation is not proper and that the evaluations on the claims and counterclaims must be treated as a whole. It is therefore clear that, although MCR 2.403(K)(2) indeed mandates separate awards, MCR 2.403(L)(1) mandates that the awards be treated as a whole for purposes of acceptance or rejection.

How judgment should be entered in such circumstances, however, is unclear. MCR 2.403(M) states:

> (1) If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered.

The court rule does not explain whether separate judgments on the claim and counterclaim are necessary or whether a net judgment for the difference is appropriate.

In *Fetz Engineering Co v Ecco Systems, Inc*, 188 Mich App 362, 365; 471 NW2d 85 (1991), vacated on other grounds 439 Mich 977 (1992), the plaintiff received a mediation evaluation of $13,000 on its claim. The defendant received a mediation evaluation of $15,000 on its counterclaim. The trial court entered judgment in favor of the defendant in the amount of $2,000, the net amount the defendant recovered under the mediation award. *Id.* at 372. On appeal, the plaintiff argued, in part, that separate judgments of $13,000 in her favor and $15,000 in defendant's favor should have been entered. *Id.* This Court disagreed, noting that the offset procedure was employed in *Henderson, supra* at 665, and that even if the plaintiff were correct, there was no prejudice. *Fetz, supra* at 372.

We conclude that the trial court's orders entering two separate judgments in this matter should be reversed. First, because mediation evaluations on a claim and counterclaim are to be treated as a whole for purposes of acceptance or rejection, MCR 2.403(L)(1), it necessarily follows that the evaluations be treated as a whole when calculating and entering the judgment. Indeed, if the case had proceeded to trial on the claim and counterclaim, judgment would have been entered on the net amount. In *Dirkes v Lenzen*, 239 Mich 270, 273; 214 NW 84 (1927), our Supreme Court held that when the jury assessed the plaintiff's damages and the defendant's damages separately, judgment should have been entered for the difference. The Court remanded for entry of judgment on the difference. *Id.*[4] In *Giannetti Bros Constr Co*,

---

[4] Plaintiff's assertion that the language in *Dirkes* is dicta is entirely incorrect.

*Inc v Pontiac*, 175 Mich App 442, 445; 438 NW2d 313 (1989), this Court noted that the jury awarded the plaintiff $260,000 on its claim and awarded the defendant $50,000 on its counterclaim. The trial court offset the verdicts and entered a $210,000 judgment for the plaintiff. *Id.* Although it was not an issue in the case on appeal, this Court did not disapprove of the offset.

Second, this case is unlike the only authority plaintiff cited in support of its position that it was entitled to separate judgments. In *Mahesh, supra* at 360, the plaintiff sued the defendant for breach of contract, and the defendant filed a counterclaim. An arbitrator subsequently issued *one* award of $25,360 in favor of the defendant. The defendant's attorney filed a lien of $20,163.09 against the arbitration award. Several days later, the plaintiff "became the assignee of a separate judgment of $32,310.50 against defendant." *Id.* The trial court entered judgment on the arbitration award. The plaintiff then filed a motion for satisfaction of the judgment, referencing the separate judgment that he had been assigned. The defendant filed a petition for bankruptcy. *Id.* When the bankruptcy stay was lifted, the defendant's attorney filed a motion to enforce his lien, and the plaintiff renewed its motion for satisfaction of judgment. *Id.* The trial court granted partial satisfaction to the plaintiff "for all amounts in excess" of the attorney's lien. *Id.* at 360-361. The plaintiff appealed, arguing that the trial court erred in giving priority to the attorney's lien over his right to setoff. *Id.* at 361. This Court disagreed.

> A "charging lien" is an attorney's equitable right to have the fees due for services secured from the judgment in a particular suit. Michigan also recognizes that a judgment

may be satisfied by setoff of a mutual claim. Unless specifically authorized by statute in a particular instance, setoff is a matter of equity based on equitable principles. Although there is no statute specifically authorizing courts to order judgments satisfied by setoff, . . . [MCL 600.6008] provides support for the notion that equitable setoff is an appropriate method of satisfying judgments.

When there is a conflict between an attorney's charging lien and an opposing party's right of setoff against the same judgment, Michigan courts adhere to the policy that the attorney's charging lien takes precedence. [*Id.* at 361-362 (citations omitted).]

Contrary to plaintiff's argument, the facts of *Mahesh* are not remotely similar, much less identical, to this case. The instant matter does not concern the type of setoff at issue in *Mahesh*. *Mahesh* dealt with two separate, valid judgments and how one could be used to offset the other in light of an attorney's lien on one of the judgments. Here, the question is much more fundamental, i.e., whether there should have been one judgment for the net difference of the mediation evaluations or separate judgments on the separate evaluations for the claim and counterclaim arising in the same action.

The counterclaim in this case did not lead to a setoff situation like the one in *Mahesh*. Rather, the counterclaim here was in the nature of a recoupment action.[5]

The defense of recoupment refers to a defendant's right, in the same action, "to cut down the plaintiff's demand, either because the plaintiff has not complied with some cross obligation of the contract on which he or she sues or

---

[5] Although plaintiff asserts on appeal that defendant failed to plead recoupment or setoff as affirmative defenses, we conclude that the issue was properly raised before the trial court in defendant's counterclaim.

because the plaintiff has violated some legal duty in the making or performance of that contract." 20 Am Jur 2d, Counterclaim, Recoupment, etc., § 5, p 231. Recoupment is "a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced."

As explained in *Warner v Sullivan*, 249 Mich 469, 471; 229 NW 484 (1930):

"Recoupment is a creature of the common law. It presents to the court an equitable reason why the amount payable to the plaintiff should be reduced, and the plaintiff will not be permitted to insist upon the statute of limitations as a bar to such a defense when he is seeking to enforce payment of that which is due him under the contract out of which the defendant's claim for recoupment arises." [*Mudge v Macomb Co*, 458 Mich 87, 106-107; 580 NW2d 845 (1998) (citation omitted; emphasis deleted).]

Here, plaintiff sued because of an alleged breach of contract and related work on a project; defendant countersued on the same contract, alleging that plaintiff was in breach. Plaintiff does not dispute that there is a difference between recoupment and setoff or that recoupment is the right of a party to receive a deduction on the other party's damages arising out of the same contract. It argues, however, that because it did not sue only on the written contract but on other alleged oral agreements made on the side, recoupment is inapplicable. This argument is entirely disingenuous. There was one written contract in this case. Plaintiff also claimed that there were separate agreements for extracontractual work; however, defendant denied that it requested any work beyond that provided in the contract. Regardless, the only matters at issue grew out of the single transaction wherein defendant, a general contractor, hired plaintiff, a sub-

contractor, to work on a specific project. In *Ward v Alpine Twp*, 204 Mich 619, 630; 171 NW 446 (1919), the Court recognized that recoupment was not strictly limited to a lawsuit on the exact same provisions of a contract but arises out of, or is connected with, the same transaction or contract. Here, the matters pertaining to the claim and counterclaim undoubtedly arose from the same contract and transaction.

Further, plaintiff's argument that a net judgment of $35,000 would impair its counsel's right to his lien also appears to be disingenuous. Without knowing the terms of the contract between plaintiff and its counsel, it is not possible to conclude with certainty that counsel was entitled to forty percent of $135,000. Nevertheless, we are hesitant to accept that the attorney's lien in this case would ordinarily be calculated on $135,000. In fact, this Court is disturbed that plaintiff's attorney believes that he is entitled to collect forty percent of $135,000. If his client were solvent and collectible on a $100,000 judgment against it in this case, it is likely that the client would have intervened to prevent counsel from collecting a fee based on the $135,000 figure. Plaintiff's counsel did not obtain a $135,000 judgment on the contract claims in this case. The claims and counterclaim were inextricably related. Plaintiff's counsel "won" $35,000 for his client on that transaction.

Finally, the purpose of the mediation rule is to expedite and simplify the final settlement of cases. *Henderson, supra* at 667. That purpose is hindered if parties are unaware of whether separate or aggregate judgments will be entered. For example, in this case, plaintiff is apparently not collectible. Defendant knew this and argued that if it had any inclination that

plaintiff would obtain a separate $135,000 judgment that would not be offset by the amount awarded on defendant's counterclaim, it would not have accepted the mediation evaluations. In other words, defendant would not have accepted the $135,000 evaluation against it if it did not believe that it would also benefit from the $100,000 evaluation in its favor. It is undisputed that before judgment was entered, defendant tendered $35,000 to plaintiff. Only then did defendant learn that plaintiff's counsel wanted separate judgments. The trial court, relying solely on *Mahesh*, granted plaintiff's request. The entry of two judgments in this matter has significantly complicated the final settlement of this case. Had a single net judgment been entered, defendant would have tendered a check for the net amount owed, and the matter would have been concluded.

### III. CONCLUSION

We reverse the orders of the trial court entering separate judgments in this matter and remand for entry of judgment in favor of plaintiff in the amount of $35,000, the net difference between the mediation evaluations. We do not retain jurisdiction.