# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN M. CEBULA, as trustee of the JOHN M.
CEBULA REVOCABLE TRUST,

        Plaintiff/Counter-Defendant-
        Appellee,

and

JOHN M. CEBULA, individually, and CHERYL
A. CEBULA,

        Third-party Defendants-Appellees,

UNPUBLISHED
September 29, 2015

v

M. RHOADES CONSTRUCTION COMPANY,
MICHAEL RHOADES, RHOADES
CONSTRUCTION, and RHOADES
CONSTRUCTION COMPANY,

        Defendant/Counter-Plaintiffs/Third-
        party Plaintiffs-Appellants.

No. 321791
Branch Circuit Court
LC No. 12-030131-CZ

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

In this claim arising out of the construction of a home, defendants/counter-plaintiffs/third-party plaintiffs, M. Rhoades Construction Company, Michael Rhoades, Rhoades Construction, and Rhoades Construction Company (hereinafter "defendants"), appeal as of right the October 11, 2013 order awarding case evaluation sanctions to plaintiff/counter-defendant, John M. Cebula, as trustee of the John M. Cebula Revocable Trust and third-party defendants

-1-

John M. Cebula, individually, and Cheryl A. Cebula[1] following a bench trial on the underlying claims. Because the trial court erred in awarding case evaluation sanctions to plaintiff and third-party defendants, we reverse and remand.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In October 2010, plaintiff contracted with defendants to construct the frame of a new home at a total cost, after amendments to the contract, of $135,413.63. John, who was a licensed builder at the time, was to serve as the general contractor, and defendants were to serve as one of the subcontractors. Defendants began working on the project and plaintiff made payments to defendants in the amount of $116,500. After a few months, John became concerned about the quality of defendants' workmanship and ceased making payments under the contract. Shortly thereafter, defendants filed and recorded a construction lien on the property in the amount of $18,913.63, which was the amount plaintiff had not paid on the contract.

Plaintiff filed a complaint against defendants, seeking to invalidate the lien and to hold defendants jointly and severally liable on theories of slander of title and breach of contract. Defendants responded with a counterclaim, seeking to foreclose on the lien and seeking damages for breach of contract, account stated, and unjust enrichment, all in reference to the $18,913.63 that had not been paid on the contract. Defendants also added a third-party complaint and named Cheryl and John as third-party defendants.

The matter proceeded to case evaluation. The record does not contain any indication that the parties sought to exclude any claims from case evaluation. On February 13, 2013, the case evaluation panel returned an award that simply stated "$25,000 to Π [plaintiff]" with no further explanation. All of the parties rejected the award.

Thereafter, the trial court commenced a two-day bench trial at which plaintiff presented evidence of repair costs it incurred because of instances of allegedly poor workmanship by defendants. Defendants denied the allegations and argued that they were entitled to collect the unpaid debt on the construction contract. The trial court found that plaintiff incurred $31,829 in repair costs. It also noted that plaintiff had "rightfully" withheld $18,913.63—the amount claimed by defendants in their construction lien—from defendants. The trial court took the amount of repair costs, $31,829, subtracted as an offset $18,913.63, and arrived at a figure of $12,905.37 "in damages to be paid to Cebula, ultimately providing the value of the contract had the breaching party [defendants] fully performed."[2] The trial court ordered defendants to pay

---

[1] Hereinafter, this opinion will refer to John M. Cebula, trustee, as "plaintiff," and will refer to John M. Cebula, as an individual, and Cheryl A. Cebula by first name or, when acting together, as "third-party defendants."

[2] The trial court mathematically erred in calculating its award, as $31,829 minus $18,913.63 equals $12,915.37, and thus, there is a $10 discrepancy, but that part of the award is not at issue on appeal and neither party addresses the issue.

plaintiff this amount and to remove the construction lien. In addition, the trial court dismissed the third-party claims.

Plaintiff, third-party defendants, and defendants all sought case evaluation sanctions. The trial court adopted plaintiff's arguments that the verdict was more favorable to it than the case evaluation award, and granted plaintiff's request for case evaluation sanctions. The trial court also granted case evaluation sanctions to third-party defendants, adopting their arguments that the case evaluation award was $0 as to them and that the result of trial—dismissal of the claims—was a more favorable outcome. On October 11, 2013, the trial court entered a judgment in plaintiff's favor for $12,905.37 on its underlying claims and ordered defendants to pay attorney fees to plaintiff and third-party defendants. On October 23, 2013, the trial court entered a separate order denying defendants' request for case evaluation sanctions. On April 24, 2014, the trial court entered an order denying defendants' motion for reconsideration of the October 11, 2013 order. This appeal followed.

## II. CASE EVALUATION SANCTIONS

### A. STANDARD OF REVIEW

The decision whether to award case-evaluation sanctions is a question of law that this Court reviews de novo. *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 211; 823 NW2d 843 (2012). We also review de novo the interpretation of a court rule. *Acorn Investment v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 348; 852 NW2d 22 (2014).

### B. CASE EVALUATION SANCTIONS AWARDED TO PLAINTIFF

Pursuant to MCR 2.403(A)(1), the parties' various claims, counterclaims, and third-party claims were submitted to case evaluation. Within 28 days of a case evaluation panel's decision, each party "shall file a written acceptance or rejection of the panel's evaluation . . . ." MCR 2.403(L)(1). A party who rejects the panel's evaluation is subject to sanctions if he or she fails to improve upon his or her position at trial. *Van Elslander*, 297 Mich App at 213. MCR 2.403(O)(1) provides that:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

A verdict is considered "more favorable" to the plaintiff if it is more than 10 percent above the evaluation, and it is considered "more favorable" to the defendant if it is more than 10 percent below the evaluation award. MCR 2.403(O)(3).

MCR 2.403(O)(4) applies in cases involving multiple parties and provides in pertinent part:

> (a) Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the case evaluation, the court shall consider only

the amount of the evaluation and verdict as to the particular pair of parties, rather than the aggregate evaluation or verdict as to all parties. However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation.

(b) If the verdict against more than one defendant is based on their joint and several liability, the plaintiff may not recover costs unless the verdict is more favorable to the plaintiff than the total case evaluation as to those defendants, and a defendant may not recover costs unless the verdict is more favorable to that defendant than the case evaluation as to that defendant.

Here, it was undisputed that all parties rejected the case evaluation award, which was an award of $25,000 to plaintiff. The award was against all defendants, and the trial court's verdict in favor of plaintiff was against all defendants, jointly and severally. Thus, MCR 2.403(O)(4)(b) applies, and "plaintiff may not recover costs unless the verdict is more favorable to the plaintiff than the total case evaluation as to" all defendants. For purposes of determining whether case evaluation sanctions are warranted, the "verdict" that is to be considered includes, in pertinent part, "a judgment by the court after a nonjury trial[.]" MCR 2.403(O)(2)(b).

On appeal, the parties dispute what constitutes the "verdict" for purposes of determining whether case evaluation sanctions were appropriate, as well as whether the case evaluation award considered the $18,913.63 that the trial court had credited defendants. Plaintiff contends that the "verdict" in this case was the cost of repairs awarded by the trial court, which was $31,829. Defendants argue that the "verdict" is the net recovery plaintiff obtained, i.e., $12,905.37. Defendants are correct. The "verdict" for purposes of determining entitlement to case evaluation sanctions is the net amount awarded to plaintiff, not the gross amount before any amounts owed to defendants are satisfied. See *Minority Earth Movers, Inc v Walter Toebe Constr Co*, 251 Mich App 87, 94; 649 NW2d 397 (2002), citing *Dirkes v Lenzen*, 239 Mich 270, 273; 214 NW 84 (1927). See also *Marketos v American Employers Ins Co*, 465 Mich 407, 414; 633 NW2d 371 (2001) ("For purposes of awarding sanctions under MCR 2.403(O), a 'verdict' must represent a finding on the amount that the prevailing party should be awarded."); *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 517-518; 556 NW2d 528 (1996), aff'd 458 Mich 582 (1998). As stated in 11 Corbin, Contracts (rev ed), § 60.1, p. 608, concerning damages for the cost of completion of a building caused by a breach on the part of the contractor, "[o]f course, as against the cost of completion the owner must deduct the part of the price that he has not yet paid. . . ." Even though the trial court found that plaintiff rightfully withheld the remaining $18,913.63 due under the contract, plaintiff was not entitled to count it as damages; plaintiff never paid that amount to defendant. Instead, it constituted the remaining amount plaintiff expected to pay (and did, to someone else, as part of the $31,829 repair costs) for completion of the building project as planned. Thus, plaintiff's net loss, being the amount paid over and above the $135,413.63 anticipated for completion of the project, was $12,905.37, payment of which would provide plaintiff, as noted by the trial court, "the value of the contract had the breaching party [defendants] fully performed."

Having determined that the verdict was $12,905.37 for plaintiff, the next inquiry is whether that verdict was more favorable to plaintiff than the case evaluation award of $25,000 to plaintiff. The parties dispute whether the case evaluation award contemplated defendants' claim

for damages under the contract and the amount of its construction lien. Plaintiff contends that the $25,000 award did not consider defendants' construction lien, meaning that plaintiff was required to satisfy the lien out of the $25,000 award, leaving it with a net recovery, having had accepted case evaluation, of $6,086.37. According to plaintiff, a $12,905.37 verdict is far more favorable than such a case evaluation award, and it easily exceeds the 10 percent threshold of MCR 2.403(O)(3). Defendants disagree, contending that the case evaluation award was $25,000, and that this amount took the construction lien and $18,913.63 debt into consideration. Thus, defendants argue, the trial court's verdict was *less favorable* to plaintiff, and case evaluation sanctions in plaintiff's favor were not appropriate.

We agree with defendants. The record reveals that all of the parties' claims were submitted to case evaluation, with no exceptions.[3] In this posture, if the parties accepted the case evaluation award, the case would have been dismissed. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 557; 640 NW2d 256 (2002) ("If all parties accept the panel's evaluation, the case is over."). See also MCR 2.403(M)(1). This included a determination as to the amount, if any, of the construction lien. See *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287; 480 NW2d 343 (1991). An examination of this Court's decision in *Dane Constr* is illustrative on this point. In that case, the plaintiff, a contractor, filed a complaint against the defendants, alleging breach of contract and seeking to foreclose on a construction lien. *Id.* at 289. The defendants filed a counterclaim for breach of contract. *Id.* A case evaluation panel awarded $40,000 against both defendants on plaintiff's claims, and it awarded $3,000 to defendants on their counterclaim. *Id.* The trial court construed both sides' responses to the case evaluation award as an acceptance, and entered judgment accordingly. *Id.* In doing so, the trial court ordered that the plaintiff's foreclosure action did not survive the entry of judgment. *Id.* On appeal, this Court was asked to decide, among other matters, whether the trial court's entry of judgment based on the case evaluation award precluded the plaintiff from exercising its right to enforce the construction lien. *Id.* at 292. In resolving this issue, this Court noted that an action to enforce a construction lien was equitable in nature and was "an in rem proceeding against property that has been improved through the lienholder's services." *Id.* The enforcement of that lien through foreclosure, this Court explained, was a cumulative remedy that could be pursued simultaneously with an action on the contract from which the lien arose. *Id.* at 293.

With that in mind, this Court held that the plaintiff's construction lien survived the case evaluation panel's award. *Id.* at 293-294. This Court explained that although the case evaluation panel could not have made a separate award for equitable relief, it could have, and did, consider the plaintiff's equitable claim in determining *the amount of the lien*. *Id.* at 293, citing MCR 2.403(K)(3) ("The evaluation may not include a separate award on any claim for equitable relief, but the panel may consider such claims in determining the amount of an award."). The case

---

[3] MCR 2.403(A)(3) permits a trial court to exempt claims seeking equitable relief—such as defendants' construction lien—from case evaluation "for good cause shown or motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate." However, there is no indication in the record that any of the claims were excluded from case evaluation.

evaluation award could not have provided relief on the plaintiff's claim for foreclosure, but the award could have considered the amount of damages—i.e., the amount of the lien. *Id.* at 293-294. This Court explained "that although the amount of damages that plaintiff can recover for breach of contract has been fixed by the mediation award, thereby limiting the amount that may be claimed under the construction lien, plaintiff maintains its right to collect those damages through the remedy provided by the construction lien." *Id.* at 294.

The facts of this case are not exactly analogous to *Dane Constr* given that the amount of defendants' lien was determined to be worthless, but this Court's reasoning—that the case evaluation panel considered the *amount* of the lien—is nonetheless applicable and dispositive of the issue raised. All of the parties' claims were submitted to case evaluation; this included defendants' claim for breach of contract. The claim for breach of contract established the amount that defendants could recover on their construction lien. See *id.* By considering the amount of damages, if any, to which defendants were entitled on their claims against plaintiff, the case evaluation panel determined the worth of the construction lien filed by defendants. *Id.* By granting an award to plaintiff of $25,000, the case evaluation panel concluded that, when weighing all of the claims in this case, plaintiff was entitled to $25,000 over and above anything to which defendants were entitled. The value of defendants' breach of contract claim, and, in turn, the value of its construction lien, was null, pursuant to the case evaluation panel. As such, any assertion by plaintiff that the case evaluation award did not include the $18,913.63 claimed by defendants on their construction lien is meritless. Plaintiff would not have had to, as it contends, satisfy the construction lien out of the $25,000 award; the award already considered the claim upon which the lien was based and found it to be worthless. See *id.*

Consequently, the trial court's conclusion that plaintiff received a more favorable verdict at trial is erroneous. Case evaluation yielded a $25,000 award for plaintiff, free and clear of any of defendants' claims. The trial court's verdict awarded plaintiff $12,905.37. MCR 2.403(O)(3) requires that in order to determine whether a verdict was more favorable, it must be adjusted "by adding to it assessable costs and interest . . . ." The term "assessable costs" is limited to costs incurred between the filing of the complaint and the date of the case evaluation award. *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004). In its November 8, 2013 "Taxation of Costs," plaintiff listed assessable costs in the amount of $1,377.92. The adjusted verdict ($12,905.37 + $1,377.92) is $14,283.29. This verdict was substantially lower than the case evaluation award. The trial court's decision to award case evaluation sanctions pursuant to MCR 2.403(O) was erroneous.

We also reject plaintiff's alternative argument that the value of equitable relief should be considered pursuant to MCR 2.403(O)(5). Plaintiff did not receive the equitable relief it sought, and the mere fact that the trial court considered equitable issues does not mean that it granted equitable relief. *Forest City Enterprises, Inc v Leemon Oil Co.*, 228 Mich App 57, 79; 577 NW2d 150 (1998). Here, the trial court's order requiring defendants to remove the lien was not a grant of equitable relief. Rather, the trial court required defendants to release the lien because the trial court's calculation of monetary damages already satisfied the amount secured by the lien. Defendants initially sought to foreclose on the construction lien as an alternative means for enforcing the debt owed to them. See *Dane Constr*, 192 Mich App at 293-294. By crediting $18,913.63 against the $31,829 in repair costs incurred by plaintiff, the trial court awarded defendants what they were owed (effectively nothing but a set off), thereby discharging any debt

that was secured by the construction lien. Accordingly, any order by the trial court requiring defendants to discharge the lien was not relief granted to plaintiff on its claims to invalidate the lien. MCR 2.403(O)(5) uses the term "equitable relief," which this Court has defined as "[t]hat species of relief sought in a court with equity powers as, for example, in the case of one seeking an injunction or specific performance instead of money damages." *Forest City Enterprises*, 228 Mich App at 79, quoting *Black's Law Dictionary* (5th ed). Here, plaintiff did not receive any of the equitable relief it sought; rather, the court simply ordered that the debt owed to defendants could no longer be collected through a construction lien, given that it was satisfied. This was more of a ministerial order than equitable relief granted to plaintiff. Moreover, even assuming the trial court's order to remove the now-worthless lien could be considered equitable relief granted to plaintiff, this would not change our conclusion that plaintiff failed to receive a more favorable result.

## C. THIRD-PARTY DEFENDANTS' ENTITLEMENT TO SANCTIONS

The trial court's October 11, 2013 order also awarded case evaluation sanctions to third-party defendants. The trial court adopted third-party defendants' argument that the case evaluation award of "$25,000 to Π" meant that the case evaluation panel found that the third-party claims filed by the Rhoades defendants against third-party defendants were worth $0. As noted above, the trial court dismissed the claims against third-party defendants. In pertinent part, MCR 2.403(O)(3) provides that if the case evaluation award "was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant." We do not agree that third-party defendants are entitled to case evaluation sanctions.

We note that the case evaluation award of "$25,000 to Π" did not mention any third-party claims, and that, when proceeding in case evaluation, plaintiff and third-party defendants acted as a single entity. Acting together, they paid one case evaluation fee. Although "[o]nly a single fee is required of each party, even where there are counterclaims, cross-claims, or third-party claims[,]" MCR 2.403(H)(2), the Court Rules are clear that "[e]ach party must send a check" in the requisite amount, MCR 2.403(H)(1), in advance of case evaluation. Moreover, plaintiff and third-party defendants together submitted a single rejection of the case evaluation award. This was contrary to MCR 2.403(L)(1), which expressly states that "[e]ach party shall file a written acceptance or rejection of the panel's evaluation . . . ." Accordingly, it appears that the case evaluation panel's decision to treat third-party defendants and plaintiff as a single entity was the product of plaintiff's and third-party defendants' actions. They cannot complain about these actions on appeal. See *Hilgendorf v St John Hosp & Med Center Corp*, 245 Mich App 670, 683; 630 NW2d 356 (2001) (citation omitted) (explaining that a party is not allowed to assign error to conduct to which the party contributed).

Moreover, apart from the fact that third-party defendants and plaintiff appeared to act as a single party, we decline to adopt third-party defendants' position that the case evaluation award found that the third-party claims against them were worth $0. The case evaluation panel's award of "$25,000 to [plaintiff]" is so ambiguous that it would require this Court to speculate as to what it meant. What can fairly be deciphered from the order is that plaintiff, i.e., John M. Cebula as trustee, had claims that, in the aggregate, exceeded the value of defendants' claims by $25,000. Any interpretation as to what this meant with regard to the third-party defendants would be, at best, speculation. Any attempt to determine whether third-party defendants received a more

favorable outcome at trial would be speculative as well. In this regard, our Supreme Court's order in *Kusmierz v Schmitt*, 477 Mich 934; 723 NW2d 833 (2006), is instructive.[4] In that case, our Supreme Court reversed this Court's award of case evaluation sanctions:

> Because the parties stipulated to a lump sum case evaluation award, there was no "amount of the evaluation . . . as to . . . particular pair[s] of parties" for purposes of MCR 2.403(O)(4)(a). [MCR 2.403(O)(4)(a) requires that, in a case involving multiple parties, except in cases involving joint and several liability, a court should consider the amount of the evaluation and verdict only as to a particular pair of parties, rather than the aggregate evaluation or verdict, in order to determine whether the verdict was more favorable.] Without such an amount, the court cannot compare the verdict to the case evaluation award for each pair of parties as required by the court rules, and the court cannot determine whether either party received a more favorable verdict. Therefore, neither party is entitled to case evaluation sanctions. [*Id.*]

In other words, given the ambiguity in the case evaluation panel's award, the Court was unable to determine whether either party received a more favorable verdict; therefore, neither party was entitled to case evaluation sanctions. See *id.* In the instant matter, the case evaluation panel's cursory award does not allow for a determination of whether third-party defendants received a more favorable outcome. The award made no mention of third-party defendants or the claims against them. Any determination as to whether the case evaluation panel valued defendants' claims against third-party defendants at $0 would be entirely speculative. We decline to engage in such speculation, and reverse the trial court's award of case evaluation sanctions to third-party defendants. See *id.*

## D. DEFENDANTS' ENTITLEMENT TO SANCTIONS

Lastly, defendants very loosely contend that they are entitled to an award of case evaluation sanctions.[5] As noted above, the trial court rejected this argument in its October 23, 2013 order. This is a final order that is appealable as of right. See MCR 7.202(6)(a)(*iv*). However, defendants have not filed a separate claim of appeal with regard to this order, nor did they list the order on their claim of appeal of the October 11, 2013 order. Thus, this issue is not within the scope of the present appeal. See MCR 7.203(A)(1); MCR 7.204(A)(1). Moreover, we note that defendants failed to raise this issue in their statement of questions presented.

---

[4] An order from our Supreme Court is binding if the rationale can be understood. *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002).

[5] Defendants did not raise the issue in their statement of questions presented, and the arguments in their brief center around plaintiff's lack of entitlement to case evaluation sanctions. Although defendants note in their brief that, if anything, they are entitled to case evaluation fees, and they ask for an order of attorney fees pursuant to MCR 2.403(O) in their conclusion and prayer for relief, given the facts and defendants' reliance in *Kusmierz*, they also admit that "[i]n fact, neither party should have been awarded case evaluation sanctions."

-8-

Accordingly, we could decline to address the matter on those grounds. *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 86 (2001). Nevertheless, given the ambiguity noted above with regard to the case evaluation award, we do not find it appropriate to award case evaluation sanctions to any party in this case. See *Kusmierz*, 477 Mich at 934.

We reverse the trial court's October 11, 2013 order to the extent that it awarded costs and attorney fees to plaintiff and third-party defendants and remand for the trial court to amend the order accordingly. We do not retain jurisdiction.


/s/ Jane M. Beckering
/s/ Douglas B. Shapiro