CLEARY v THE TURNING POINT

Docket Nos. 131858, 133317. Submitted March 11, 1993, at Lansing.
    Decided September 29, 1993; approved for publication January
    13, 1994, at 9:00 A.M.

    Margaret and Durwood Cleary brought an action in the Macomb
    Circuit Court against The Turning Point, seeking damages for
    injuries sustained when Margaret Cleary fell while working as
    a volunteer at a retail establishment run by the defendant, a
    charitable organization. A jury returned a verdict of no cause
    of action, and the court, Michael D. Schwartz, J., entered a
    judgment on the verdict. The plaintiffs appealed. Thereafter,
    the court awarded the defendant costs, including attorney fees,
    because the plaintiffs had rejected a mediation evaluation that
    had been more favorable to them than the jury's verdict, thus
    making them liable to the defendant for its actual costs result-
    ing from having to go to trial. The plaintiffs separately ap-
    pealed the award of costs, and the appeals were consolidated.

    The Court of Appeals *held:*

    1. The trial court did not abuse its discretion in excluding
    evidence proffered by the plaintiffs relative to alleged violations
    by the defendant of certain federal and state health and safety
    regulations. Further, even if it was error to exclude that
    evidence, admission of the evidence would not have resulted in
    a different verdict by the jury.

    2. The trial court did not abuse its discretion by denying the
    plaintiffs' motion for a directed verdict. The evidence presented
    at trial clearly created a question of fact for resolution by the
    jury.

    3. Brief comments made by defense counsel concerning the
    charitable nature of the defendant's business did not divert the
    jury's attention from the issues or otherwise affect the verdict.
    Accordingly, the making of those comments does not require
    the setting aside of the jury's verdict.

    4. Because the plaintiffs rejected a mediation evaluation that

REFERENCES
Am Jur 2d, Attorneys at Law § 252; Costs § 72 et seq.
See ALR Index under Attorneys' Fees; Costs of Action.

was more favorable to them than the jury's verdict, they are liable to the defendant for the actual costs necessitated by the rejection of the mediation evaluation. MCR 2.403(O)(6)(b) defines actual costs as including any reasonable attorney fee that is based on a reasonable hourly or daily rate and that is determined by the court to be attributable to the rejection of the mediation evaluation. The court rule does not preclude the court from finding as reasonable a rate of pay that is greater than the rate actually paid by the party entitled to the award of costs. Accordingly, the trial court did not abuse its discretion by computing and awarding attorney fees on the basis of its finding that a rate greater than that actually paid by the defendant was a reasonable rate.

Affirmed.

COSTS — MEDIATION — ATTORNEY FEES.

Actual costs, for the purpose of computing the award of costs to be paid by a party who has rejected a mediation evaluation and who at trial receives a verdict that is less favorable than the mediation evaluation, includes a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial court for services necessitated by the rejection of the mediation evaluation; a court in its determination of a reasonable hourly or daily rate is not limited by the rate actually paid by the party entitled to the award of costs and may find that a rate greater than that actually paid is reasonable (MCR 2.403[O][6]).

*Eames, Wilcox, Mastej, Bryant, Swift & Riddell* (by *Jerry R. Swift* and *Keith M. Aretha*), for the plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet G. Callahan*), for the defendant.

Before: BRENNAN, P.J., and HOOD and TAYLOR, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of judgment and an order awarding costs and attorney fees. We affirm.

Plaintiffs claim on appeal that the trial court erred in precluding testimony that revealed that defendant was in violation of certain regulations

promulgated pursuant to osha[1] and miosha.[2] Plaintiffs argue that the proffered testimony concerning the alleged violations of administrative rules was admissible even though plaintiff Margaret Cleary was a volunteer at the retail establishment run by the defendant when she was injured. The decision whether to admit certain evidence is within the trial court's sound discretion and will not be disturbed absent an abuse of discretion. *Meek v Michigan Bell Telephone Co,* 193 Mich App 340, 345; 483 NW2d 407 (1992). An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling. *Gore v Rains & Block,* 189 Mich App 729, 737; 473 NW2d 813 (1991). On the basis of our review of the record, we cannot find that the trial court's decision to preclude the proffered testimony regarding defendant's alleged osha and miosha violations was an abuse of its discretion. However, even if we had found that the trial court had erred in excluding the proffered testimony, we are convinced that, in light of the other evidence presented, the jury verdict would not have been different had the proffered testimony actually been admitted. See *Della Pella v Wayne Co,* 168 Mich App 362, 370-371; 424 NW2d 50 (1988).

Plaintiffs next claim that the trial court erred in denying their motion for a directed verdict. In deciding whether the trial court erred in denying plaintiffs' motion for a directed verdict, this Court must review all the evidence in a light most favorable to the nonmoving party to determine whether sufficient evidence was presented to create an issue for the jury. *Howard v Canteen Corp,*

---

[1] Occupational Safety and Health Act, 29 USC 651 *et seq.*

[2] Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*

192 Mich App 427, 431; 481 NW2d 718 (1992). We will not disturb the trial court's decision unless there has been a clear abuse of discretion. *Id.* Upon reviewing the entire record, we believe that the trial court was correct in denying plaintiffs' motion for a directed verdict.

Plaintiffs also claim that the trial court erred in permitting defendant's counsel to comment upon the particular nature of defendant's business. Specifically, plaintiffs contend that the trial court should have prevented any reference by defendant to the charitable nature of its business operations. On the basis of our careful review, and considering plaintiffs' own references to the charitable nature of defendant's business during its closing arguments, we cannot conclude that plaintiffs were prejudiced by defense counsel's limited references to the nature of defendant's business operations. We believe that defense counsel's comments did not have the effect of diverting the jury's attention from the issues or otherwise affect the verdict. *Knight v Gulf & Western Properties, Inc,* 196 Mich App 119, 132-133; 492 NW2d 761 (1992); *Wilson v General Motors Corp,* 183 Mich App 21, 26; 454 NW2d 405 (1990).

Plaintiffs finally claim that the trial court erred in its award of attorney fees to defendant. An award of attorney fees will be upheld on appeal absent an abuse of discretion. *Antiphon, Inc v LEP Transport, Inc,* 183 Mich App 377; 454 NW2d 222 (1990). Plaintiffs argue that the trial court abused its discretion in awarding defendant attorney fees that were based upon an hourly rate that exceeded the actual hourly rate charged by defense counsel. We cannot agree with plaintiffs. MCR 2.403(O)(1) states that if a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the

verdict is more favorable to the rejecting party than the mediation evaluation. Actual costs are defined by MCR 2.403(O)(6) as

> (a) those costs taxable in any civil action, and
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

Nothing in the language of MCR 2.403(O) requires a trial court to find that reasonable attorney fees are equivalent to actual fees. *Troyanowski v Village of Kent City,* 175 Mich App 217, 227; 437 NW2d 266 (1988). Moreover, plaintiffs fail to set forth any specific case law that supports their position. We conclude, therefore, that the trial court did not abuse its discretion in awarding defendant attorney fees calculated at an hourly rate higher than the hourly rate that defendant was charged by defense counsel.

Affirmed.