## ROHL v LEONE

Docket No. 235524. Submitted June 10, 2003, at Detroit. Decided August 7, 2003, at 9:15 A.M.

Gregory J. Rohl brought an action in the Oakland Circuit Court against John F. Leone, alleging breach of contract and breach of fiduciary duty with regard to the dissolution of the parties' law firm. The defendant filed a counterclaim alleging fraud. A case evaluation panel determined that the plaintiff should receive no award on his claim and that the defendant should receive an award of $100,000 on his counterclaim. The plaintiff rejected the evaluation. The court, Fred M. Mester, J., entered a judgment and order granting each party a directed verdict in his favor with respect to the other's claim on the basis that neither party had a meritorious claim. The court also imposed sanctions on the plaintiff on the basis that the plaintiff did not improve his position at trial. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in finding that under the dissolution agreement, the defendant was not liable for contribution to certain overhead costs. The testimony of the defendant does not support the plaintiff's claim that the trial court erred in granting the defendant's motion for a directed verdict.

2. The trial court erred in not aggregating the case evaluation awards on the plaintiff's claim and the defendant's counterclaim when determining whether the plaintiff obtained a verdict in the trial court more favorable than the case evaluation award. The trial court erred in awarding the defendant case evaluation sanctions because the plaintiff's net verdict of zero in the trial court was more favorable than the case evaluation that found that the plaintiff had a net liability of $100,000.

3. The trial court did not err in dismissing the plaintiff's claim of breach of fiduciary duty on the basis that the dissolution agreement resolved all claims of the parties regarding their law practice.

Affirmed in part, reversed in part, and remanded for further proceedings.

*Gregory J. Rohl* for the plaintiff.

*Joseph M. Xuereb, P.C.* (by *Daniel L. Price* and *Joseph M. Xuereb*), for the defendant.

Before: OWENS, P.J., and BANDSTRA and MURRAY, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendant's motion for a directed verdict. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff challenges the trial court's order granting defendant's motion for a directed verdict. We review de novo the grant or denial of a motion for a directed verdict. *Cacevic v Simplimatic Engineering Co (On Remand)*, 248 Mich App 670, 679; 645 NW2d 287 (2001). We further explained in *Cacevic*:

> In reviewing the trial court's decision, we view the evidence presented up to the time of the motion in the light most favorable to the nonmoving party, granting that party every reasonable inference, and resolving any conflict in the evidence in that party's favor to decide whether a question of fact existed. A directed verdict is appropriately granted only when no factual questions exist on which reasonable jurors could differ. If reasonable jurors could reach conclusions different than this Court, then this Court's judgment should not be substituted for the judgment of the jury. [*Id.* at 679-680 (citations omitted).]

Plaintiff contends that the trial court erred in excluding $44,000 from the total amount of the debt of the parties' law firm upon dissolution, where defendant's testimony established that he owed that amount for the October and November overhead costs. The parties' dissolution agreement could be read as indicating that the monthly overhead was $22,000 a month. Appendix B1 and Appendix C of the

dissolution agreement provided that the revenue from sixteen pending cases would not be distributed until all outstanding overhead costs through December 31, 1995, were paid. In addition, Appendix B1 of the dissolution agreement provided that the revenue from those sixteen pending cases would also be used for payroll taxes through December 31, 1995, an "NBD Credit Line," and a list of payables attached to the dissolution agreement as Appendix B2.

The trial court found that defendant did not owe any additional money for overhead costs because the proceeds of the sixteen pending cases exceeded the overhead costs. Indeed, plaintiff testified that the revenue from the sixteen cases was $151,758.11. Plaintiff further testified that the total of the overhead costs and other debts listed in Appendix B1 was only $115,000. Because the evidence indicated that the revenues exceeded the liabilities by more than $36,000, the trial court did not err in finding that defendant was not liable under the dissolution agreement to contribute to the overhead costs. *Id.* at 679.

Plaintiff also contends that the $115,000 in liabilities understated the total liability in light of defendant's deposition testimony. However, defendant's deposition testimony established, at most, that the outstanding monthly overhead was approximately $50,000, rather than merely $22,000. Thus, defendant's deposition testimony could be read to add approximately $28,000 to the total liability—for a total of approximately $143,000. However, this total would still fall approximately $8,000 below the total revenue of $151,758.11. Consequently, we reject plaintiff's assertion that defendant's deposition testimony, even viewed in a light most favorable to plaintiff, indicates

that the trial court erred in granting defendant's motion for a directed verdict. *Id.*

Next, plaintiff contends that the trial court erred in imposing case evaluation sanctions pursuant to MCR 2.403. Generally, a party who rejects a case evaluation award is subject to sanctions if the party does not improve its position at trial. *Elia v Hazen,* 242 Mich App 374, 378; 619 NW2d 1 (2000). The purpose of this rule is "to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases" by placing the burden of litigation costs on the party who demands a trial by rejecting the case evaluation award. *Dessart v Burak,* 252 Mich App 490, 498; 652 NW2d 669 (2002). We review de novo a trial court's decision to impose sanctions. *Id.* at 494.

Here, the case evaluation panel determined that plaintiff should receive no award on his claim and that defendant should receive an award of $100,000 on his counterclaim. Plaintiff rejected the evaluation. Ultimately, the trial court ruled that neither claim had merit. The trial court also imposed sanctions because plaintiff did not improve his position at trial. On appeal, plaintiff contends that the verdict was more favorable to him because defendant's counterclaim was evaluated at $100,000 and the trial court ruled that defendant was not entitled to relief on that claim.

In *Minority Earth Movers, Inc v Walter Toebe Constr Co,* 251 Mich App 87, 89-90; 649 NW2d 397 (2002), the case evaluation panel separately evaluated the plaintiff's claim and the defendant's counterclaim, as required by MCR 2.403(K)(2). We recognized, however, that where there are separate case evaluations on a claim and a counterclaim, a party must neverthe-

less "simultaneously accept or reject both of the mediation awards." *Minority Earth Movers, supra* at 92, citing MCR 2.403(L)(1). Indeed, MCR 2.403(L)(1) states that "[e]ven if there are separate awards on multiple claims, the party must either accept or reject the evaluation in its entirety as to a particular opposing party." Thus, in the instant matter, plaintiff was required to either accept or reject the case evaluation panel's award as a whole—aggregating the evaluations of his claim against defendant and defendant's counterclaim against him. Therefore, the trial court erred in not aggregating the awards on the claim and the counterclaim in determining whether plaintiff obtained a verdict more favorable than the case evaluation. Because plaintiff's net verdict of zero in the trial court was more favorable than his case evaluation net liability of $100,000, we conclude that the trial court erred in awarding defendant case evaluation sanctions.[1]

Finally, plaintiff contends that the trial court erred as a matter of law in dismissing plaintiff's claim of breach of fiduciary duty. We review this issue de novo. See *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). Here, the parties' dissolution agreement provided that its purpose was to resolve "all issues associated with the formation, operation, winddown and dissolution of the law practice . . . ." Accordingly, the trial court did not err in ruling that, as a claim associated with the operation of the law practice, plaintiff's claim of breach of fiduciary duty did not survive the dissolution agreement. Conse-

---

[1] Because of our resolution on this basis, we need not address plaintiff's argument that the "interest of justice" provision of MCR 2.403(O)(11) warranted denial of defendant's motion.

quently, the trial court did not err as a matter of law in dismissing this claim.[2] *Id.*

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs awarded pursuant to MCR 7.219, neither party having prevailed in full.

---

[2] We note that defendant's brief also suggests that the trial court erred in ordering a directed verdict in favor of plaintiff with regard to defendant's counterclaim alleging fraud. However, an appeal is limited to the issues raised by the appellant, unless the appellee cross-appeals as provided in MCR 7.207. *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999). Because defendant did not file a cross-appeal, we are precluded from granting relief. *Id.*