GHAFFARI v TURNER CONSTRUCTION COMPANY

Docket Nos. 240025, 241532. Submitted September 10, 2003, at Detroit. Decided September 25, 2003; approved for publication December 9, 2003, at 9:15 A.M.

Louis Ghaffari, who worked as an employee of an electrical contractor at a theater under construction, brought an action in the Wayne Circuit Court against Turner Construction Company, the construction manager, other subcontractors, including Hoyt, Brum & Link and Guideline Mechanical, Inc., and others, seeking damages for injuries sustained when he slipped and fell on pipes lying on the floor in a storage area. The court, Wendy M. Baxter, J., granted summary disposition in favor of Turner, Hoyt, and Guideline and granted case evaluation sanctions in favor of Turner and Hoyt. The plaintiff brought separate appeals from the order granting summary disposition and the order granting case evaluation sanctions. The appeals were consolidated.

The Court of Appeals *held*:

1. There is no merit to the plaintiff's contention that either the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*, or the federal Occupational Safety and Health Act, 29 USC 651 *et seq.*, imposed a statutory duty in a negligence context on each defendant. The acts may not be used to establish a statutory duty in a negligence context.

2. The trial court did not err in applying the open and obvious danger doctrine to prevent the defendants from being held liable as general contractors or under ordinary negligence principles. The court properly found that the pipes presented an open and obvious condition. The court properly granted the defendants' motion for summary disposition.

3. None of the three exceptions to the general rule that a general contractor is ordinarily not liable for a subcontractor's negligence apply to the facts of this matter.

4. The evidence does not support the plaintiff's challenge that the award of case evaluation sanctions was not in the interest of justice.

5. Attorney fees awarded as part of actual costs under MCR 2.403(O)(6) must be reasonable and are not limited to the hourly

rate actually charged by the attorney for the prevailing party. The trial court did not err in determining the rate for the attorney fees awarded.

Affirmed.

1. NEGLIGENCE — MICHIGAN OCCUPATIONAL SAFETY AND HEALTH ACT — FEDERAL OCCUPATIONAL SAFETY AND HEALTH ACT.

Neither the Michigan Occupational Safety and Health Act nor the federal Occupational Safety and Health Act affects those of an employer's common-law or statutory duties that are actionable for negligence when breached (MCL 408.1001 *et seq.*; 29 USC 651 *et seq.*).

2. COSTS — MEDIATION SANCTIONS — ATTORNEY FEES — WORDS AND PHRASES — ACTUAL COSTS.

Attorney fees, as part of actual costs awarded as case evaluation sanctions, are not limited to the hourly rate actually charged by or paid to the attorney for the prevailing party; the trial court must determine a reasonable hourly rate (MCR 2.403[O][11].

*Marshall Lasser* for Louis Ghaffari.

*Moffett & Dillon, P.C.* (by *Donald R. Dillon, Jr.,* and *George J. David*), for Turner Construction Company.

*Harvey Kruse, P.C.* (by *James Sukkar, Barry B. Sutton,* and *Richard W. Warren*), for Hoyt, Brum & Link.

Before: OWENS, P.J., and GRIFFIN and SCHUETTE, JJ.

PER CURIAM. In Docket No. 240025, plaintiff Louis Ghaffair (hereafter plaintiff) appeals as of right from the trial court's order granting summary disposition in favor of defendants Turner Construction Company (Turner); Hoyt, Brum & Link (Hoyt); and Guideline Mechanical, Inc. (Guideline). In Docket No. 241532, plaintiff appeals as of right from the trial court's orders granting case evaluation sanctions to Turner

and Hoyt under MCR 2.403(O). The appeals were consolidated. We affirm.

In August 1999, plaintiff was employed as a foreman by an electrical trade contractor at a theater under construction on property owned by defendant The Edison Institute (Edison). The theater was, in essence, being attached to an older, existing building on the property. On August 3, 1999, plaintiff slipped and fell on copper pipes that were on the ground in the newer part of the building under construction, near an opening to the older, existing building. Plaintiff brought this negligence action against Turner, the construction manager, and other defendants to recover damages for the injuries he sustained in his fall. In his original complaint, plaintiff alleged that Hoyt, a pipefitting trade contractor, owned the pipes that caused his fall. In a second amended complaint, plaintiff added Guideline, a plumbing trade contractor, as a defendant. Plaintiff alleged that either Hoyt or Guideline owned the pipes. Plaintiff further alleged:

> 6. Edison, as an owner which participated in safety inspections and programs, and Turner, as a general contractor and or construction or project manager, owed plaintiff a duty to provide a safe place, in accordance with the laws and rules of the State of Michigan, including Michigan Construction Standards, and under their contracts for work.

> *     *     *

> 9. Guideline Mechanical, Inc., Hoyt Brum and Link . . . owed plaintiff a duty to comply with Michigan laws and rules, including Michigan Construction Safety Standards, to comply with provisions of its contract pertaining to safety, and to do its work in a reasonably safe manner, that is, a

manner which did not create an unreasonable risk of injury to other workers.

Turner moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that neither its function as the construction manager nor the condition of the premises afforded a basis for liability. Turner claimed that, even assuming that it possessed or controlled the premises, it did not owe a duty to plaintiff because the condition that allegedly caused plaintiff's fall was open and obvious. Both Hoyt and Guideline joined in Turner's motion with regard to whether the condition that caused plaintiff's fall was open and obvious. Hoyt and Guideline further claimed that plaintiff could not establish a genuine issue of material fact regarding which contractor owned the pipes.

The trial court granted summary disposition for each defendant under MCR 2.116(C)(10) on the basis of its determination that there was no genuine issue of a material fact with regard to whether the hazard was open and obvious. The court additionally granted summary disposition in favor of Guideline on the basis of its determination that there was no genuine issue of material fact with regard to whether Guideline owned the pipes that caused plaintiff's fall. The court found it unnecessary to address Hoyt's motion for summary disposition relative to the issue of the ownership of the pipes, and also declined to address the duties that plaintiff claimed were owed by defendants arising out of their status as contractors.

Turner and Hoyt subsequently moved for case evaluation sanctions. The trial court rejected plaintiff's argument that sanctions should not be awarded under MCR 2.403(O)(11), awarded Turner $16,648 in attorney fees and costs, and awarded Hoyt $10,721.76.

I. DOCKET NO. 240025

Plaintiff contends that the trial court erred in granting summary disposition to each defendant because the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.*, and the federal Occupational Safety and Health Act (OSHA), 29 USC 651 *et seq.*, "standards placed a duty on each defendant to inspect for slip and trip hazards in construction site walkways, and to remove them."

We review de novo issues of statutory construction. *Ypsilanti Housing Comm v O'Day*, 240 Mich App 621, 624; 618 NW2d 18 (2000). In regard to statutory construction, we added:

> The principal goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. In determining intent, this Court first looks at the specific language of the statute. If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted, unless a literal construction of the statute would produce unreasonable and unjust results inconsistent with the purpose of the statute. In construing statutes, the court should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. [*Id.* (citations omitted).]

We also review de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In reviewing a motion for summary disposition brought pursuant to MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties in the light most favorable to the party opposing the motion. *Maiden, supra* at 119-120. Summary disposition may be granted if the evidence demonstrates

that there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 120.

MCL 408.1002(2) expressly provides that MIOSHA does not "enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." In 29 USC 653(b)(4), OSHA contains an identical provision, thereby preventing OSHA from enlarging an employer's statutory duties. To be sure, in *Zalut v Andersen & Assoc, Inc*, 186 Mich App 229, 235-237; 463 NW2d 236 (1990), we recognized that violation of a MIOSHA regulation could be used as "evidence of negligence." But *Zalut* does not go so far as to elevate MIOSHA regulations into duties that would apply in a negligence context.[1] Indeed, such a ruling would be contrary to the statutory language referenced above. Plaintiff cites no authority indicating that an OSHA regulation could be used to establish a statutory duty in a negligence context. Accordingly, plaintiff's contention that either MIOSHA or OSHA imposed a statutory duty in a negligence context on each defendant is plainly without merit. Consequently, we reject plaintiff's contention of error.

Next, plaintiff contends that the trial court erred in applying the open and obvious danger doctrine to prevent Turner from being held liable as a general

---

[1] We note that MIOSHA regulations do impose statutory duties in a punitive context. For example, if a state inspection reveals that an employer has violated a MIOSHA provision, the employer may be fined. See MCL 408.1035. And, in certain circumstances, violating a MIOSHA regulation may lead to criminal penalties. See MCL 408.1035(5) and (7). Similar OSHA provisions are found in 29 USC 666.

contractor.[2] We note that plaintiff's allegations against defendants were not based on premises liability, but were instead based on general-contractor liability (in regard to Turner) and ordinary negligence principles (in regard to Hoyt and Guideline).

Michigan appellate courts have not expanded the open and obvious danger doctrine into a general-contractor liability context. See *Perkoviq v Delcor Homes—Lake Shore Pointe, Ltd*, 466 Mich 11, 19; 643 NW2d 212 (2002). But there is nothing in the history of the open and obvious danger doctrine, as summarized by the *Perkoviq* Court, to suggest that the doctrine should not apply in other contexts. *Id.* at 16-18. Moreover, we agree with the trial court's finding that, at least on these facts, the pipes on the floor presented an open and obvious condition. In fact, given that plaintiff was walking in a storage area for a construction site, it was perhaps even more reasonable for workers to expect other workers to watch their steps carefully when walking. Indeed, it would be unreasonable to expect every piece of construction material and equipment to be stored neatly on shelves during a construction project involving multiple subcontractors.

This is not to say, however, that a subcontractor would never be liable for the maintenance of its materials and equipment. But where, as here, the pur-

---

[2] The trial court granted each defendant's motion for summary disposition because the danger was open and obvious. For whatever reason, plaintiff's statement of questions presented only challenges the dismissal of Turner. Ordinarily, we need not address arguments not raised in a party's statement of questions presented. *McGoldrick v Holiday Amusements, Inc*, 242 Mich App 286, 298; 618 NW2d 98 (2000). To avoid an incomplete ruling, however, we will address the open and obvious danger doctrine as it applies to all three defendants.

ported danger is caused by a few pipes lying stationary on the floor in a storage area, we do not believe that reasonable minds could differ in finding the danger to be open and obvious. Thus, we reject plaintiff's contention that the trial court erred as a matter of law in applying the open and obvious danger doctrine to preclude defendants' liability. In fact, even if we were to conclude that the trial court erred in applying the open and obvious danger doctrine, we would nevertheless conclude that, as a matter of law, defendants did not owe plaintiff a duty to store the pipes that caused plaintiff's fall in a different manner.[3] Consequently, we conclude that the trial court did not err in granting defendants' motion for summary disposition. *Maiden, supra* at 118-120.

In addition, we note that there is an alternative ground for affirming the trial court's decision to dismiss plaintiff's lawsuit against Turner. In *Ormsby v Capital Welding, Inc,* 255 Mich App 165, 173; 660 NW2d 730 (2003), we opined that a general contractor is ordinarily not liable for a subcontractor's negligence. But we also recognized that there are three exceptions to this general rule of nonliability. *Id.*

First, an exception to the nonliability of a general contractor may be found where the general contractor retains control over the work of the negligent subcontractor. See *id.* at 173-187. Thus, "where an employer retains less control than that of a master, but enough supervisory control, the law may impose a duty to exercise this control with reasonable care to

---

[3] "Whether a defendant owes any duty to a plaintiff to avoid negligent conduct in a particular circumstance is a question of law for the court to determine." *Hughes v PMG Bldg, Inc,* 227 Mich App 1, 5; 574 NW2d 691 (1997).

prevent the work from causing injury." *Id.* at 174. But having control over general oversight and safety standards alone is insufficient to constitute retained control. *Id.* at 186-187. Here, the gravamen of plaintiff's allegations of Turner's negligence is based on Turner's failure to properly oversee and enforce safety standards. As *Ormsby* recognized, however, this is insufficient to create an exception to the nonliability of the general contractor.

Second, an exception to the general rule of nonliability may be found for dangers occurring in common work areas. *Id.* at 174-175. In *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 6; 574 NW2d 691 (1997), we explained this exception as follows:

> [F]or there to be liability, there must be: (1) a general contractor with supervisory and coordinating authority over the job site, (2) a common work area shared by the employees of several subcontractors, and (3) a readily observable, avoidable danger in that work area (4) that creates a high risk to a significant number of workers.

Here, we are not persuaded that the pipes on the floor posed a "high risk to a significant number of workers." *Id.* The evidence suggested that the pipes were on the floor in a *storage area*, in contrast to a high-traffic path where a significant number of workers would be passing through daily. Therefore, we conclude that this exception does not apply to the facts of the instant matter.

Finally, in *Ormsby*, we recognized an exception to the nonliability of the general contractor where the work is an "inherently dangerous" activity. *Ormsby, supra* at 175. Here, there is absolutely no indication

of an inherently dangerous activity, as is necessary for this exception to apply.

Thus, none of the three exceptions apply to the facts of the instant matter. Therefore, we conclude that plaintiff failed to establish an exception to the general rule of nonliability for a general contractor. Having failed to establish the requisite element of duty, we could affirm the trial court's decision to dismiss plaintiff's claim against Turner on this alternative basis.[4] Therefore, this is further support for a conclusion that the trial court did not err in granting defendants' motions for summary disposition.[5]

II. DOCKET NO. 241532

Plaintiff argues that the trial court should have denied case evaluation sanctions for Turner and Hoyt in the interest of justice, MCR 2.403(O)(11). We review de novo a trial court's decision to award case evaluation sanctions. *Rohl v Leone*, 258 Mich App 72; 669 NW2d 579 (2003). We note that our Supreme Court's ruling in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), did not change the law, but merely clarified the law. Moreover, we are not persuaded that plaintiff's challenges indicate that the award of case evaluation sanctions was not in the

---

[4] We may affirm where the trial court reaches the right result, but for the wrong reason. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 470; 628 NW2d 577 (2001).

[5] In light of our conclusion, we need not address plaintiff's contention that there were material factual questions precluding the trial court's decision to grant Guideline's motion for summary disposition on alternative grounds. We also decline to consider any other arguments that were raised by plaintiff but not listed in his statement of questions presented. *McGoldrick, supra* at 298.

interest of justice. Accordingly, we reject plaintiff's contention of error. *Id.*

Plaintiff also challenges the trial court's award to Turner of sanctions based on an hourly rate for attorney fees that was greater than the rate actually paid to Turner's counsel. In *Cleary v The Turning Point*, 203 Mich App 208, 211-212; 512 NW2d 9 (1994), we rejected this argument, ruling that "actual costs," MCR 2.403(O)(6), does not limit the hourly rate for attorney fees to the rate actually charged by the attorney for the prevailing party. Instead, the trial court must determine a reasonable hourly rate. *Id.* Thus, we reject plaintiff's claim that the hourly rate must be limited to the rate actually paid to Turner's counsel.[6]

Affirmed.

---

[6] To the extent that plaintiff challenges the hours accepted by the trial court in determining the amount of attorney fees for Turner, we decline to address this issue because it was, again, not set forth in plaintiff's statement of questions presented. *McGoldrick, supra* at 298.